[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated January 28, 1999, the plaintiff commenced this action for a dissolution of his marriage to the defendant. The defendant filed her answer and cross complaint, dated February 22, 1999.
After a full trial, the court, based on a preponderance of the credible, reliable, relevant and legally admissible evidence and the reasonable, rational, logical and lawful inference to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, France F. Brown, Jr. and the defendant, Carmel Brown, whose birth name was Carmel Rufo, intermarried on May 14, 1998 in Deep River, Connecticut.
The plaintiff for more than the last year has resided continuously in this state.
The plaintiff and the defendant have no minor children, issue of the marriage. No other children have been born to the defendant since the date of the marriage.
No governmental agency is contributing to the support of any party hereto. CT Page 2524
The marriage of the parties has broken down irretrievably.
The court expressly finds that upon their marriage the parties discovered that emotionally and psychologically they were incompatible to each other. The court finds the parties equally responsible for the breakdown of the marriage.
The court, guided by the mandates of Conn. Gen. Stat. §46b-81, issues its orders as follows:
The plaintiff shall retain his ownership of 428 Winthrop Road, Deep River, free and clear of any claims by the defendant.
The defendant shall take any inheritance from the estate of her mother free and clear from any claims by the plaintiff.
Each party is to maintain his/her own health insurance.
The assets, whether bank accounts, IRAs, retirement programs, insurance policies or any other asset standing in the name of any party hereto shall be his or hers free from any claims of the other.
Each party shall be responsible for their own debts as listed on their respective financial affidavits.
The court finds that the defendant added to her credit card debt expenditures that benefitted [benefited] the plaintiff and that he, in equity, should assume a degree of responsibility for repayment of same.
The plaintiff is ordered to pay to the defendant as periodic alimony the sum of $125.00 per week, non-modifiable in amount and time, for a period of one year. At that time, the defendant should have her credit card debt in a manageable condition.
Accordingly, a decree may enter dissolving the marriage, incorporating therein the aforesaid orders of the court and restoring to the defendant her birth name of Carmel Rufo.
Daniel F. Spallone, Judge Trial Referee